# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4493 | **DATE** | 12/2/2002 |
| **CASE TITLE** | Collins vs. Snyder et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☒ Status hearing set for 12/19/2002 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ☒ [Other docket entry] **ENTER MEMORANDUM OPINION:** Defendant Snyder's motion (Doc 6-1) to dismiss is granted. We grant the motion to dismiss Counts III and IV against Defendant Snyder. We also grant the motion to dismiss Counts I and II against Defendant Snyder in his individual and official capacity.

(11) ☒ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 0 3 2002 | |
| | Notified counsel by telephone. | | date docketed | 12 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | 02 DEC -2 PM 2:46 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
DEC 0 2 2002

| | |
|---|---|
| DENISE COLLINS, individually and as personal representative of the Estate of Ricky Collins, deceased,<br><br>            Plaintiff,<br><br>vs.<br><br>Donald Snyder, et al.,<br><br>            Defendants. | 02 C 4493 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter is before the court on Defendant Donald Snyder's ("Snyder") motion to dismiss. For the reasons stated below we grant the motion.

## BACKGROUND

Ricky Collins ("Collins") was an inmate at the Sheridan Correctional Center. Plaintiffs claim that while incarcerated Collins underwent psychiatric treatment, received counseling, and took psychotropic medications. According to Plaintiffs, Collins was diagnosed with major depression as recently as May 19, 2000. Collins also allegedly slashed his wrists with his own glasses and was eventually separated from other prisoners. Plaintiffs claim that on September 27, 2000, Collins was seen

12

siting on the edge of his bed shaking back and forth and that he told a guard that he felt suicidal and wanted to talk to a counselor. The guard allegedly told Collins that a counselor was not available at that time and instructed other guards that Collins was on suicide watch. The Illinois Department of Corrections ("IDOC") and Sheridan facility policy requires guards to make a "suicide check" every 15-20 minutes. Later on September 27 guards responded to cries from prisoners near Collins' cell and found Collins hanging by his neck from a bed sheet. Snyder is the head of the IDOC. Plaintiffs bring a four count complaint against Snyder in his official capacity and in his individual capacity. Counts I and II are brought pursuant to 42 U.S.C. § 1983. Count III is brought pursuant to the Survival Act. 755 ILCS 5/27-6. Count IV is brought pursuant to the Family Expense Act. 740 ILCS § 1015.

## LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. *Triad Associates, Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991).

The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 444-45 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle v. Morton High School*, 144 F.3d 448, 455 (7th Cir. 1998). However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of their claims." *Perkins*, 939 F.2d at 466-67.

## DISCUSSION

Plaintiffs brought state claims under the Survival Act, 755 ILCS 5/27-6, and the Family Expense Act, 740 ILCS § 1015. Snyder asserts that the Illinois Court of Claims Act, 705 ILCS 505/8, provides that the Court of Claims shall have exclusive jurisdiction to hear and determine all claims against the State for damages sounding in tort. Plaintiffs agree and we grant the motion to dismiss Counts III and IV. Plaintiffs

also sue Snyder in his official capacity as head of the IDOC. A suit against an official in his official capacity is a suit against the governmental unit that he represents. *Sanville v. McCaughtry*, 266 F.3d 724, 732 (7th Cir. 2001). Snyder represents the State of Illinois and § 1983 does not authorize suits against the states. *Id.* Therefore we grant the motion to dismiss all claims against Snyder in his official capacity.

Plaintiffs also bring suit against Snyder in his individual capacity. The doctrine of *respondeat superior* is not applicable in § 1983 actions. *Id.* at 740. However, a supervisor can be liable in a § 1983 action for the conduct of his subordinates if the supervisor was "personally involved" in the conduct that violated the plaintiff's constitutional right. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). To have such personal involvement the supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he] might see." *Id.* In this case Plaintiffs do not allege that Snyder actively participated in the events leading up to Collins' suicide or that Snyder had knowledge of the circumstances leading up to the suicide. Therefore, we grant the motion to dismiss the claims against Snyder in his individual capacity.

## CONCLUSION

Based on the foregoing analysis we grant the motion to dismiss Counts III and IV against Defendant Snyder. We also grant the motion to dismiss Counts I and II against Defendant Snyder in his individual and official capacity.

                                                Charles P. Kocoras
                                                Chief Judge
                                                United States District Court

Dated: December 2, 2002