Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4493 | **DATE** | 4/22/2003 |
| **CASE TITLE** | Collins vs. Snyder et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 5/21/2003 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Defendants Seeman's and Bucalo's motion (Doc 16-1) to dismiss is granted in part and denied in part. The section 1983 claims against Seeman and Bucalo are dismissed except those against Seeman in her individual capacity. All of the state law claims against Seeman and Bucalo are dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 2 3 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 20 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | (docketing deputy initials) | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | 03 APR 22 PM 2:03 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DENISE COLLINS, individually and as personal )
representative of the State of Ricky Collins, )
deceased, )
)
)
          Plaintiff, )
)
vs. )  02 C 4493
)
DONALD SNYDER, et al., )
)
          Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Defendants Deborah Seeman's and Sam Bucalo's Rule 12(b)(6) motion to dismiss. For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

Because this is a motion to dismiss, we accept all well pleaded facts and allegations in the Complaint as true and draw all reasonable inferences in a light most favorable to Plaintiff Denise Collins. *See Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). Ms. Collins, individually and as personal representative of her son Ricky Collins' estate, is suing Defendants Captain Deborah

Seeman, Officer Steven Schuck, and Officer Sam Bucalo, with respect to alleged actions and inactions involving Ricky's suicide death at the Sheridan Correctional Center (the "SCC"). All three defendants were SCC personnel during the relevant time period. Ms. Collins claims that, while incarcerated, Ricky Collins underwent psychiatric treatment, received counseling, and took psychotropic medications. According to the Complaint, Ricky was diagnosed with major depression as recently as May 2000. Ricky allegedly slashed his wrists with his own glasses and was eventually separated from other prisoners. On the evening of September 27, 2000, Officer Schuck observed Ricky sitting on the edge of his bed shaking back and forth. Ricky allegedly told him that he felt suicidal and wanted to talk to a counselor. Officer Schuck told Ricky that the crisis counselor would not be available for twenty minutes. Schuck notified the counselor that Ricky needed help and informed Captain Seeman of the situation. Captain Seeman instructed the correctional officers in Ricky's cell block to keep Ricky on "suicide check." The Illinois Department of Corrections ("IDOC") and SCC policy requires guards to make a suicide check every 15-20 minutes. Later that evening, Officer Bucalo responded to cries from prisoners near Ricky's cell only to find him hanging by his neck from a bed sheet. The Complaint asserts four counts. Counts I and II are pursuant to 42 U.S.C. § 1983. Count III and

IV are tort actions pursuant to Illinois state law. Defendants Seeman and Bucalo move to dismiss all counts against them.

## LEGAL STANDARD

"The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (quoting *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989)). A complaint need only specify "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (citing *Beanstalk Group, Inc. v. AM Gen. Corp.*, 283 F.3d 856, 863 (7th Cir. 2002)). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). With these principles in mind, we now address the motion before us.

## DISCUSSION

### I. Section 1983

Counts I and II are brought pursuant to 42 U.S.C. § 1983 against Captain Seeman in her official and individual capacities and against Officer Bucalo in his official capacity. (Complaint ¶¶ 9-10). A suit against an official in her official capacity is a suit against the government entity that she represents. *Sanville v. McCaughtry*, 266

F.3d 724, 732 (7th Cir. 2001). By suing the SCC officials, Ms. Collins is really suing the state, and "section 1983 does not authorize suits against the states." *Id.* at 732-33 (dismissing section 1983 claims against Wisconsin state prison officials in their official capacity). The section 1983 claims against Seeman and Bucalo in their official capacities are, therefore, dismissed.

In Counts I and II, Ms. Collins also asserts section 1983 claims against Captain Seeman in her individual capacity. (Complaint ¶ 9). To recover damages under section 1983, Ms. Collins must establish that Captain Seeman "was personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). According to the Complaint, upon notification of Ricky's mental state, Seeman instructed the correctional officers in the cell block to check on him every 15-20 minutes. (Complaint ¶¶ 28-29.) Ms. Collins argues that this decision to put Ricky on "suicide check" was not sufficient under the circumstances and led to Ricky's suicide. She further alleges that her son's Eighth Amendment right to be free of cruel and unusual punishment was violated, in part, by Seeman's failure to adequately satisfy Ricky's need for immediate medical attention. In *Sellers v. Henman*, the Seventh Circuit held that "[n]eglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health – that is, only if he 'knows of and disregards an

excessive risk to inmate health or safety.'" 41 F.3d 1100, 1102 (7th Cir. 1994) (quoting *Farmer v. Brennan*, 114 S. Ct. 1970, 1979 (1994)). This is what Ms. Collins alleges happened – Seeman was aware of the situation, but nevertheless acted with deliberate indifference to Ricky's safety. Accordingly, the section 1983 claims against Seeman in her individual capacity cannot be dismissed.

## II. State Law Claims

Counts III and IV are Illinois statutory tort actions against Captain Seeman in her official and individual capacities and against Officer Bucalo in his official capacity. (Complaint ¶¶ 9-10). Count III is a Survival Act claim under 755 ILCS § 5/27-6. Count IV is a Family Expense Act claim under 740 ILCS § 1015.[1] To the extent that these counts are against Seeman and Bucalo in their official capacities, they are against the state and barred from adjudication in this court. The Illinois Court of Claims Act only waives the State's sovereign immunity in tort actions against it to the extent that such claims are pursued in the Illinois Court of Claims. 705 ILCS § 505/8(d). The state tort claims against Seeman and Bucalo in their official capacities are, therefore, dismissed.

---

[1] 740 ILCS § 1015 is a non-existent statute in Illinois. Ms. Collins presumably intended to cite the Family Expense Act as 750 ILCS § 65/15.

In Counts III and IV, Ms. Collins also asserts state tort claims against Captain Seeman in her individual capacity. (Complaint ¶ 9). Because the tort charges arise out her breach of a duty imposed upon her solely because of her job at the SCC, sovereign immunity bars them from adjudication in any court other than the Illinois Court of Claims. *See Turner v. Miller*, 301 F.3d 599, 602 (7th Cir. 2002) ("Where a charged act of negligence 'arose out of the State employee's breach of a duty that is imposed on him *solely* by virtue of his State employment, sovereign immunity will bar maintenance of the action' in any court other than the Illinois Court of Claims.") (quoting *Currie v. Lao,* 592 N.E.2d 977, 980 (Ill. 1992)). In *Turner*, an inmate at Stateville Correctional Center sued prison officials in federal court on account of his being shocked by exposed electrical wires while showering. *Id.* at 600-01. The inmate sued for violation of the Eighth Amendment under section 1983 and for negligence under state law. *Id.* at 600. On appeal, the Seventh Circuit dismissed the state law negligence claim on sovereign immunity grounds, noting that "the relationship between [the plaintiff] and the defendants would not have had a source outside the employment status of the defendants, and whatever duty was owed by the defendants to [the plaintiff] existed because of [his] status as a prisoner and his presence at Stateville Correctional Center." *Id* at 602. Under the controlling law and analogous facts of *Turner*, Ms. Collins' state law claims against Seeman in her individual capacity cannot be pursued in this court.

## CONCLUSION

Based on the foregoing analysis, the motion to dismiss is granted in part and denied in part. The section 1983 claims against Seeman and Bucalo are dismissed except those against Seeman in her individual capacity. All of the state law claims against Seeman and Bucalo are dismissed.

/s/ Charles P. Kocoras
Charles P. Kocoras
Chief Judge
United States District Court

Dated: APR 22 2003