# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4493 | **DATE** | 12/24/2003 |
| **CASE TITLE** | Collins vs. Seeman et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☒ Status hearing set for 2/4/2004 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ☒ [Other docket entry] **ENTER MEMORANDUM OPINION:** Defendants' motion (Doc 31-1) to dismiss is granted. The complaint is dismissed, without prejudice. Mrs. Collins is given leave to file an amended complaint within 30 days of the date of this decision.

(11) ☒ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | DEC 2 9 2003 | |
| | Notified counsel by telephone. | date docketed | **36** |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | 03 DEC 23 PM 10:35 | date mailed notice |
| | | FILED ED TO | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

DENISE COLLINS, Individually and as Personal )
Representative of the Estate of RICKY COLLINS, )
Deceased, )
                                   )
               Plaintiff, )
                                   )
     vs. )     02 C 4493
                                   )
CAPT. SEEMAN, SGT. BEETHEM, )
CORRECTIONAL OFCR. STEVEN SCHUCK, )
CORRECTIONAL OFCR. SAM BUCALO, and )
any other correctional officers presently unknown )
responsible for RICKY COLLINS' supervision )
and care, jointly and severally, )
                                   )
             Defendants. )

**DOCKETED**
**DEC 2 9 2003**

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Defendants Deborah Seeman, Julie Beethem, Steven Schuck, and Sam Bucalo to dismiss the complaint for failure to state a claim. For the reasons set forth below, the motion is granted but Plaintiff Denise Collins is given leave to amend her complaint.

### BACKGROUND

Plaintiff Denise Collins ("Mrs. Collins") is the mother of Ricky Collins ("Ricky"), a former prisoner at the now-defunct Sheridan Correctional Center. While

*36*

in custody at Sheridan, Ricky committed suicide by hanging himself with a bed sheet. Seeman, Beethem, Schuck, and Bucalo were employees of Sheridan who were working the day that Ricky died. The complaint alleges that each of them were alerted to the possibility that Ricky would attempt to take his own life, and that each ignored the danger with deliberate indifference, thus violating Ricky's Eighth Amendment rights. Defendants moved to dismiss the complaint pursuant to Fed. R. Civ. Proc. 12(b)(6). On November 17, 2003, we requested further briefing by the parties on the application of the exhaustion requirement of the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §§ 1997e(a), (c). Briefing is now complete.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. Bontkowski v. First Natl. Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993); Perkins v. Silverstein, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

<u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. <u>Kyle v. Morton High Sch.</u>, 144 F.3d 448, 454-55 (7th Cir. 1998). With these principles in mind, we turn to the motion at hand.

## DISCUSSION

Defendants' initial motion launched two attacks. The first argued that the named defendants are not responsible for forming policies at Sheridan, so they could not be sued in their official capacities. While this is true, the language of the complaint is clearly directed toward Defendants in their individual capacities for specific failures of their duties on the day of Ricky's suicide. Defendants concede in their memorandum in support that the complaint contains individual capacity claims. Defs.' Memo. in Support, pp. 5-6.

Defendants' second attack, although framed as addressing a deficiency in pleading the knowledge of Beethem, actually pertains to the merits of the claim against her. It is axiomatic that a motion to dismiss examines whether a claim is cognizable, not whether it is meritorious. When read in the light most favorable to the plaintiff, the allegations against Beethem aver that she knew that Ricky needed help but delayed in coming to his aid. The details of why she delayed, how long she delayed, etc., are not

matters to be decided at the pleading stage. Accordingly, neither of the two bases of the original motion warrants dismissal of the complaint.

The application of the PLRA is another story. The statute provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The parties have not cited and we have not discovered any cases directly addressing whether the PLRA applies to prison suicides. However, the Supreme Court has held that the exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 122 S. Ct. 983, 992 (2002). In light of this broad holding and the lack of any contrary authority, we conclude that Mrs. Collins cannot proceed on the present complaint. In this circuit, failure to allege exhaustion of administrative remedies is grounds for dismissal under 12(b)(6). Massey v. Wheeler, 221 F.3d 1030, 1034 (7th Cir. 2000). Therefore, we dismiss the complaint without prejudice. Mrs. Collins is granted leave to file an amended complaint that alleges exhaustion of remedies if she can do so within the bounds of Fed. R. Civ. Proc. 11.

## CONCLUSION

Based on the foregoing analysis, the complaint is dismissed, without prejudice.

Mrs. Collins is given leave to file an amended complaint within 30 days of the date of

this decision.


Charles P. Kocoras
Chief Judge
United States District Court

Dated: _____DEC 2 4 2003_____