# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4493 | **DATE** | 2/25/2004 |
| **CASE TITLE** | Collins vs. Seeman et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 4/8/2004 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Ruling held. **ENTER MEMORANDUM OPINION:** Defendants' motion (Doc 38-1) to dismiss is denied. Defendants are given to March 10, 2004 to answer or otherwise plead. Defendants are given to April 7, 2004 to respond to outstanding discovery.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | **Document Number** |
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 2 6 2004 | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | 42 |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | | |
| SCT | courtroom deputy's initials | | | date mailed notice | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

FEB 2 6 2004

DENISE COLLINS, Individually and as Personal )
Representative of the Estate of RICKY COLLINS, )
Deceased, )
                                  )
                                  )
              Plaintiff, )
                                  )
vs. )       02 C 4493
                                  )
CAPT. SEEMAN, SGT. BEETHEM, )
CORRECTIONAL OFCR. STEVEN SCHUCK, )
CORRECTIONAL OFCR. SAM BUCALO, and )
any other correctional officers presently unknown )
responsible for RICKY COLLINS' supervision )
and care, jointly and severally, )
                                  )
            Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Defendants Deborah Seeman, Julie Beethem, Steven Schuck, and Sam Bucalo to dismiss the complaint for failure to state a claim. For the reasons set forth below, the motion is denied.

### BACKGROUND

The factual background of this case was detailed in our prior opinion. Collins v. Seeman, 2003 WL 23144867 (N.D. Ill. Dec. 29, 2003). Familiarity with the facts

and the procedural history to date is assumed, and we recite here only the developments in the case since the dismissal of the first amended complaint. Pursuant to our prior opinion, Plaintiff Denise Collins ("Mrs. Collins") amended her complaint to allege exhaustion of remedies as required by the Prisoner Litigation Reform Act. 42 U.S.C. § 1997e(a). The third amended complaint[1] differs from the first by alleging that, after her son Ricky committed suicide while an inmate at Sheridan Correctional Center ("Sheridan"), Mrs. Collins requested that Sheridan conduct an investigation into the circumstances surrounding Ricky's death. She was informed that Sheridan had no procedures for investigating inmate suicide. Her counsel later confirmed that Sheridan provided no administrative remedies in situations such as this one. Defendants have again moved to dismiss the complaint on the grounds that the PLRA exhaustion requirement has not been satisfied.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the

---

[1] The second amended complaint contained paragraphs that had previously been stricken. On the representation of Mrs. Collins' counsel that their inclusion was inadvertent, we allowed a corrected complaint to be filed with those allegations deleted. This pleading was styled "third amended complaint."

plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. Bontkowski v. First Nat'l. Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993); Perkins v. Silverstein, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). With these principles in mind, we turn to the motion at hand.

## DISCUSSION

The Prisoner Litigation Reform Act provides that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The threshold question under this statutory provision is "whether *any* 'remedies' are 'available'" for the injury allegedly caused by the conditions of confinement. Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 537 (7th Cir. 1999) (emphasis in original); see also, e.g., McDonald v. Snyder, 2003 WL 22427797, at *3 (N.D. Ill. Oct. 23, 2003). If the answer is yes, the administrative

route must be exhausted before any suit can proceed. See Porter v. Nussle, 122 S. Ct. 983, 992 (2002).

Defendants' argument that the complaint is still legally deficient centers on Ricky. They contend that his individual failure to file an administrative grievance means that this suit is barred by the PLRA. Although Defendants do not expressly say so, their argument necessarily contains two independent parts: first, only Ricky can bring the instant suit; second, because Ricky did not personally pursue any administrative remedies, the PLRA's bar is triggered.

Defendants' argument is legally and logically flawed. In cases of prisoner suicide, § 1983 claims are regularly brought on behalf of the deceased by an estate representative. See, e.g., Matos ex rel. Matos v. O'Sullivan, 335 F.3d 553 (7th Cir. 2003); Sanville v. McCaughtry, 266 F.3d 724 (7th Cir. 2001). It is entirely proper for us to consider actions taken on Ricky's behalf in addition to those he took himself. Furthermore, it goes without saying that it would be nonsensical to read the PLRA as requiring a prisoner to pursue administrative remedies with respect to his imminent suicide either before or after its occurrence. The injury that is the basis of the alleged constitutional violation is the deprivation of Ricky's right to life. There could be no remedy for this injury under the circumstances of this case until Ricky could no longer take action on his own behalf. Once the alleged injury occurred, Mrs. Collins avers

-4-

that she explored the potential for a remedy with Sheridan to no avail. Taking all her allegations as true, as we must, this court concludes that Mrs. Collins did what she could to resolve her dispute through administrative channels, but Sheridan provided her with no remedies to pursue. The PLRA requires no less and no more. See Perez, 182 F.3d at 537. She is now free to bring a § 1983 claim in federal court on Ricky's behalf. The third amended complaint states a cognizable claim, and the motion to dismiss is correspondingly denied.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss is denied.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: FEB 2 5 2004