Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4493 | **DATE** | 1/11/2005 |
| **CASE TITLE** | Collins vs. Capt. Seeman et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
       ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Defendants' motion (Doc 49-1) for summary judgment is granted. This is a final order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | JAN 1 1 2005 |
| | Notified counsel by telephone. | | date docketed |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DENISE COLLINS, Individually and as Personal )
Representative of the Estate of RICKY COLLINS, deceased, )
)
Plaintiff, )
)
vs. ) 02 C 4493
)
CAPT. SEEMAN; SGT. BEETHEM; CORRECTIONAL )
OFCR. STEVEN SCHUCK; CORRECTIONAL OFCR. SAM )
BUCALO; and any other correctional officers, presently )
unknown, responsible for RICKY COLLINS' supervision and )
care, jointly and severally, )
)
Defendants. )

DOCKETED
JAN 1 1 2005

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

The present matter comes before the court on the motion of the Defendants, Deborah Seeman, Sam Bucalo, Steven Shuck, and Julie Beethem (referred to collectively as "the Defendants"), for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is granted.

## BACKGROUND

Ricky Collins ("Mr. Collins") was an inmate at the Illinois Department of Corrections at Sheridan Correctional Center ("Sheridan"). Mr. Collins had been moved

into Building C-7 at Sheridan, a segregation unit, and was placed in cell 65 on the upper gallery of the institution. Shortly before 7 p.m. on September 27, 2001, Mr. Collins committed suicide in his cell.

On the day in question, Bucalo was assigned to Sheridan's C-7 upper gallery, and Shuck was assigned to Sheridan's C-7 lower gallery. When Bucalo left for his dinner break, Shuck covered for him, per Illinois Department of Corrections ("IDOC") procedure, thus taking over supervision duties of both C-7 upper and lower galleries for approximately one half hour. While Bucalo was at dinner, Mr. Collins told Shuck that he needed to see a crisis counselor and that he was "feeling suicidal." Shuck told Officer Forsyth, the control officer, that Mr. Collins had called for a crisis counselor. Officer Forsyth then contacted Seeman, the Shift Commander, to alert her to the situation. Seeman, in turn, ordered Officer Forsyth to contact Beethem (the Sheridan crisis counselor on duty that evening between 3 p.m. and 11 p.m. and the individual assigned to run cafeteria lines and to bring inmates to and from their gymnasium and yard activities) to let her know that Mr. Collins needed to see a crisis counselor. Seeman also told the officers to keep an eye on Mr. Collins pending arrival of the crisis team member. Shuck then returned to Mr. Collins' cell and informed him that a crisis counselor had been called and that the crisis team member would be there as soon as she was able. Mr. Collins responded that he would be alright until she arrived.

At approximately 5:30 p.m., Bucalo returned from dinner and met with Seeman, Shuck, and Officer Forsyth. Seeman told Bucalo to keep an eye on Mr. Collins until the crisis counselor arrived. Bucalo conducted a hall check at 5:32 p.m. and returned at approximately 5:50 p.m. to conduct another check. It was during this second check that inmates in the C-7 upper gallery began telling Bucalo to check on Mr. Collins. When he arrived at the cell door, Bucalo saw Mr. Collins hanging from a bed sheet wrapped around a ceiling pipe. Bucalo then called a "code 3" medical emergency.

Meanwhile, Beethem had just finished returning the inmates in the gymnasium line to their cells. At approximately 6:50 p.m., she was in Sheridan's Health Care Unit reviewing Mr. Collins' medical file in preparation for her meeting with Mr. Collins when she heard the "code 3" medical emergency call. Mr. Collins died of his self-induced injury.

Plaintiff Denise Collins ("Ms. Collins") is Mr. Collins' mother. After his death, she filed suit under 42 U.S.C. § 1983 claiming that the Defendants were deliberately indifferent to a known risk of suicide, in violation of Mr. Collins' Eighth Amendment rights. The Defendants now move for summary judgment that their actions did not amount to deliberate indifference to a known serious risk of suicide.

## LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact ." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); rather, "[a] genuine issue exists when the evidence is such that a reasonable jury could find for the non-movant," Buscaglia v. United States, 25 F.3d 530, 534 (7th Cir. 1994). When reviewing the record we must draw all reasonable inferences in favor of the non-movant; however,

"we are not required to draw every conceivable inference from the record – only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991). With these principles in mind, we turn to the present motion.

## DISCUSSION

As a threshold matter, we must first address the sufficiency of Ms. Collins' Rule 56.1(a)(3)(B) and Rule 56.1(b)(3)(B) statements. The Defendants in their reply argue her statements are not in compliance with the applicable local rules. We agree.

Pursuant to U.S. Dist. Ct., N.D. Ill., R. 56.1, when a party files a motion for summary judgment, the moving party must prepare a statement of material facts. The opposing party then submits a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon. All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party. A denial is deemed improper if the denial is not accompanied by specific references to admissible evidence or at least evidence that represents admissible evidence. Koszola v. Bd. of Educ., 385 F.3d 1104, 1107-08 (7th Cir. 2004); see Dent v. Bestfoods, 2003 WL 22025008, at *1 n.1 (N.D. Ill. 2003); see also Malec v. Sanford, 191 F.R.D. 581, 585 (N.D. Ill. 2000). In order to defeat a defendant's motion for summary judgment, a

plaintiff must be able to point to some evidence that would be admissible at trial which a reasonable jury could rely upon in finding for the non-movant. Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 248.

The Defendants are correct in their assertion that Ms. Collins' statements and responses to the Defendants' statements are insufficient to create a genuine issue of material fact under the local rules. Ms. Collins fails to cite to any material which could be used as evidence at trial to refute the facts as stated in the Defendants' Rule 56.1 (a)(3)(B) statement. The remainder of the Defendants' statements are either admitted or not contested. Thus, the Defendants' statements of fact are deemed admitted in their entirety.

Moving forward to the substantive issues, Ms. Collins has failed to demonstrate that the Defendants were deliberately indifferent to a serious risk of suicide. In order to successfully state a cause of action under § 1983, she must establish two elements: (1) that the harm to Mr. Collins was objectively sufficiently serious, and a substantial risk to his health and safety; and (2) that the individual Defendants were deliberately indifferent to Mr. Collins' health and safety. See Farmer v. Brennan, 511 U.S. 825, 832 (1994); see also Estelle v. Gamble, 429 U.S. 97, 103-06 (1976).

First, courts have held that suicide is clearly an objectively serious risk of harm Matos v. O'Sullivan, 335 F.3d 553, 556 (7th Cir. 2003). As the present situation

involves one of suicide, the first element of the test is satisfied. Next, regarding deliberate indifference, liability can be established if a prison official knows of and disregards a serious risk to an inmate's health or safety. Farmer, 511 U.S. at 837. However, no liability will attach if the official responded reasonably to the risk, even if the underlying harm was not averted. Id. at 844. The plaintiff is required to show more than mere or gross negligence, but less than purposeful infliction of harm, on the part of the prison official. Matos, 335 F.3d at 557.

Here, the facts do not support the conclusion that the Defendants acted with deliberate indifference toward Mr. Collins' health and safety, but rather acted reasonably under the circumstances. Specifically, the record before us establishes that approximately 28 minutes elapsed between the time Mr. Collins told Shuck that he needed to see a crisis counselor and that he was "feeling suicidal," and when Bucalo found him hanging. The record further establishes that during that time: (1) Shuck told Officer Forsyth, the control officer, that Mr. Collins had called for a crisis counselor; (2) Officer Forsyth contacted Seeman, the Shift Commander, to alert her to the situation; (3) Seeman ordered Officer Forsyth to contact the crisis counselor, Beethem, to let her know that Mr. Collins needed to see her; (4) Seeman told the officers to keep an eye on Mr. Collins pending arrival of the crisis team member; and (5) Shuck returned to Mr. Collins' cell and informed him that a crisis counselor had

been called and that the crisis team member would be there as soon as she was able to which Mr. Collins responded that he would be alright until she arrived; (6) Bucalo conducted the first of two hall checks; and (7) Beethem was in the process of reviewing Mr. Collins' medical file in order to prepare for her meeting with him. These activities collectively indicate a reasonable response on the part of the Defendants to the situation. Accordingly, we find no issues of material fact that require fact finding by a jury and therefore judgment can be entered as a matter of law.

## CONCLUSION

Based on the foregoing analysis, the Defendants' motion for summary judgment is granted.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: JAN 11 2005